UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRIDGETT GONTA,
d/b/a AQUARIUS DAY SPA,

    Plaintiff,

v.                                Case No. 5:19-cv-565-TKW/MJF

DONALD F. NATIONS and
PROMENADE RENTALS LLC,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before this court on Plaintiff Bridgett Gonta's third amended complaint. (Doc. 17). Gonta fails to state a facially plausible claim for relief against the named Defendants. The undersigned, therefore, recommends that Gonta's claim of race discrimination be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) because her allegations fail to state a claim upon which relief can be granted. Additionally, the undersigned recommends that the District Court decline to exercise supplemental jurisdiction over Gonta's state law claim.[1]

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

I. BACKGROUND

Gonta is suing her former landlord, Donald F. Nations, and his business, Promenade Rentals, LLC. Gonta filed her third amended complaint after the undersigned screened her prior complaints and identified substantial deficiencies. *See* (Doc. 4; Doc. 9; Doc. 17). The facts are taken from Gonta's third amended complaint and are assumed to be true solely for purposes of evaluating their legal sufficiency.

On or about February 17, 2017, Gonta and Nations negotiated a lease of commercial space ("the Unit") for Gonta's business, Aquarius Day Spa. (*Id.* at ¶¶ 1-11). On February 25, 2017, Gonta and Nations met at the Unit and signed a six-month lease. (*Id.* at ¶ 11). On August 7, 2017, Nations called Gonta and asked if she would like to renew her lease. The parties discussed whether the duration of the lease should be a one year or two years, rather than six months. (*Id.* at ¶ 15). On August 8, 2017, they renewed the lease for one year. (*Id.* at ¶ 37). During this time, Gonta was the only "African American spa owner leasing units at the Promenade Rentals LLC." (*Id.* at 11).

According to Gonta, her landlord-tenant relationship with Nations was "great." (Doc. 17 at ¶ 22). Gonta and Nations were professional and "courteous" in their interactions with each other. (*Id.*). On February 13, 2019, this relationship changed. On February 13, 2019, deputies from the Bay County Sheriff's Office

arrested Gonta at or near the Unit. (*Id.* at ¶ 31). Gonta claims that she was falsely arrested. (*Id.* at ¶ 23).

On February 21, 2018, eight days after Gonta's arrest, Nations provided an eviction notice. (*Id.* ¶ 24). On February 22, 2018, Gonta called Nations and inquired about the eviction notice. Nations told Gonta, "I received a call from the Sherriff Office waking me up in the middle of the night telling me about you and your arrest. I want you to get your sh%! and get out of my property or I'll chase you to the ends of the earth! If you don't get your stuff and get out—I'll throw them outside!" (*Id.* ¶ 25).

On February 25 and 28, 2018, Nations affixed complaints seeking possession of the Unit on the door to the Unit. (Doc. 17 at ¶¶ 26-27). Approximately two weeks later, Gonta again called Nations about the two complaints on the Unit's door. Nations explained that he would "rather not go into th[e issue]." He then asked her, "[W]asn't there someone that got arrested there for doing whatever?" (*Id.* ¶ 30). Gonta explained that she had been falsely arrested and that another individual was arrested on her property, but that it was not her fault. (Doc 17 at ¶¶ 31, 33). Nations advised Gonta that he could not continue the business relationship and that she could vacate the Unit voluntarily or he would file a suit to evict her. (*Id.* ¶ 34).

On March 19, 2018, Nations filed an eviction complaint on behalf of Promenade Rentals LLC with the Bay County Clerk of Court. (*Id.* at 35). On March

26, 2018, the Sheriff Department served Gonta with a posted eviction complaint. (*Id.* at ¶ 36).

On December 17, 2019, Plaintiff initiated this civil action. (Doc. 1). Gonta asserts two claims: racial discrimination pursuant to 42 U.S.C. § 1981, and libel pursuant to Florida law. (Doc. 17 at 11-12). She seeks three million dollars in punitive damages, three million dollars in compensatory damages, three million dollars for pain and suffering, and attorney fees. (*Id.* at 12).

## II. STANDARD

Because Gonta is proceeding *in forma pauperis*, the court is required to review her third amended complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Determining whether a complaint states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient. *Id.* The complaint's factual allegations "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

### III. DISCUSSION

**A.     Plaintiff Fails to State a Claim of Racial Discrimination**

Section 1981 of Title 42 of the United States Code states: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, . . . as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a). "[T]he term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). The Supreme Court has construed section 1981 to create a federal right

of action for victims of certain types of racial discrimination. *See Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 589 U.S. ___, 140 S. Ct. 1009, 1015 (2020) (citing *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 459 (1975)); *Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1308 (11th Cir. 2010). Specifically, section 1981 "protects the equal right of all persons within the jurisdiction of the United States to make and enforce contracts without respect to race." *Moore v. Grady Mem'l Hosp. Corp.*, 834 F.3d 1168, 1171 (11th Cir. 2016) (alteration adopted) (internal quotation marks omitted).

To state a claim under section 1981, a plaintiff must allege facts which indicate that:

(1) the plaintiff is a member of a racial minority;

(2) the defendant intended to discriminate against the plaintiff; and

(3) the discrimination concerned one or more of the activities enumerated in section 1981, including contracts.

*Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391 (1982); *Jimenez*, 596 F.3d at 1308; *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270 (11th Cir. 2004); *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1235 (11th Cir. 2000).

With respect to the second element, "in order to avoid dismissal, a plaintiff's complaint must provide enough factual matter (taken as true) to suggest intentional . . . discrimination." *Castillo v. Allegro Resort Mktg.*, 603 F. App'x 913, 917 (11th

Cir. 2015) (citing *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)); *see Rutstein*, 211 F.3d at 1235 (holding that a plaintiff must show "intentional discrimination" because the plaintiff was a member of a racial minority).

Gonta has not alleged sufficient facts which indicate that Defendants intentionally discriminated against her because of her race. Indeed, Gonta asserts that she and Nations had a "great" and "courteous" landlord-tenant relationship until she was arrested. It was only after her arrest that Nations attempted to evict Gonta. According to Gonta, Nations twice told Gonta that he was evicting her because Gonta and another person had been arrested at or near the unit. (Doc. 17 at ¶¶ 25, 34).

Other than alleging that Nations is white, Gonta is African American, and Nations did not rent any other units to African American spa owners,[2] Gonta does not allege any other facts which indicate that Nations was motivated by Gonta's race or that her race played any part in Nations' decision to evict Gonta. Gonta does not allege, for example, that Nations failed to evict a similarly-situated white lessee who had been arrested at or near the property Nations leased to that white lessee.

Taking Gonta's allegations in the light most favorable to her claims, Gonta's allegations strongly suggest that Nations was motivated by the fact that the police

---

[2] Gonta does not allege that Nations did not lease units to *other African Americans*. Rather, Gonta alleges only that Nations did not lease other units to any *African-American spa owners*.

arrested Gonta and another person at or near the Unit. Because Gonta's third amended complaint simply does not allege sufficient facts to indicate that Defendants discriminated against Gonta on the basis of her race, Gonta has failed to state a claim upon which relief can be granted. For this reason, the District Court should dismiss Gonta's claim of race discrimination.

**B.     Supplemental Jurisdiction**

Gonta also asserts a claim of libel under Florida law.[3] It is well established that once a plaintiff's federal claims are dismissed, there remains no independent federal jurisdiction to support the court's exercise of supplemental jurisdiction over any state claims against a defendant. *See Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997). Section 1367(c)(3) of Title 28 provides that a district court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966).

---

[3] Gonta incorrectly alleges that her libel claim arises under the Fourteenth Amendment of the United States Constitution. She does not allege that Nations and his limited liability company were state actors or were involved in a conspiracy with state actors. Rather, she alleges that Nations was acting as a private lessor. Thus, Gonta's libel claim arises under Florida law. *Paul v. Davis*, 424 U.S. 693, 698 (1976) ("Concededly if the same [defamatory] allegations had been made about respondent by a private individual, he would have nothing more than a claim for defamation under state law").

Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction. *See Baggett*, 117 F.3d at 1353 (citation omitted). The Eleventh Circuit has encouraged district courts to dismiss any remaining state claims when the federal claims have been dismissed prior to trial. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial."); *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999) ("If [the district judge] decides to dismiss these state-law claims, then they should be dismissed without prejudice so that the claims may be refiled in the appropriate state court.").

Gonta's state claim should be dismissed to permit her to pursue it in a state court. Although it might be convenient for Gonta to continue litigating her case in this court, this court has a substantial number of original jurisdiction cases awaiting review, and neither judicial economy nor fairness to other litigants support retaining jurisdiction of Gonta's state claim and thereby delaying the administration of justice in other cases. Furthermore, a state court would be well qualified to address matters of state law.

Finally, the supplemental jurisdiction statute contains a tolling provision. *See* 28 U.S.C. § 1367(d) (state claims asserted in federal court along with "related" federal claims "shall be tolled while the claim is pending and for a period of 30 days

after it is dismissed"); *Artis v. District of Columbia*, 583 U.S. __, 138 S. Ct. 594 (2018). Thus, Gonta's state claim is tolled while it is pending in federal court, and she would have thirty (30) days after dismissal to re-file her state claim in state court. Therefore, the parties would not suffer prejudice if the District Court elects not to exercise supplemental jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. The District Court **DISMISS** Gonta's section 1981 claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for Gonta's failure to state a claim upon which relief can be granted.

2. The District Court decline to exercise supplemental jurisdiction and **DISMISS** without prejudice Gonta's state law claim of libel.

3. The clerk of the court close the case file.

At Pensacola, Florida, this 15th day of June, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the**

**electronic docket is for the court's internal use only and does not control.** An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**